# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1618 | **DATE** | 7/17/2001 |
| **CASE TITLE** | Native American Arts, Inc. vs. Bundy-Howard, Inc., etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in this memorandum opinion and order, Waldron's motion is granted and she is dismissed as a defendant in this action – but without prejudice to Native American Arts' possible pursuit of its claim against Waldron in some other proceeding. (7-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 17 2001 | 27 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | 7/17/2001 | |
| | Copy to judge/magistrate judge. | 01 JUL 17 PM 12: 50 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIVE AMERICAN ARTS, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 01 C 1618 |
| BUNDY-HOWARD, INC., etc., et al., | ) |
| Defendants. | ) |

DOCKETED
JUL 17 2001

MEMORANDUM OPINION AND ORDER

Trisha Waldron ("Waldron"), one of the numerous named defendants (to say nothing of the putative unknown defendants referred to as "John Doe 1 to 10 Unidentified Suppliers") in this action brought by Native American Arts, Inc. ("Native American Arts") under 25 U.S.C. §305e ("Section 305e"), has filed a Fed. R. Civ. P. ("Rule") 12(b)(6) motion for her dismissal from the first four counts of Native American Arts' Amended Complaint. Native American Arts has now filed its "Plaintiff's Response to Defendant Trisha Waldron's Motion To Dismiss." For the reasons stated in this memorandum opinion and order, Waldron's motion is granted and she is dismissed as a defendant in this action--but without prejudice to Native American Arts' possible pursuit of its claim against Waldron in some other proceeding.

Although Waldron advances and Native American Arts responds to a number of contentions that relate to the substantive aspects of Native American Arts' threshold Section 305e claim, it is unnecessary to address those contentions to resolve the present

27

motion.  Instead Native American Arts' threshold problem stems from its counsel's impermissible effort to engage in what, in jurisdictions that typically still adhere to the old terminology of "res judicata"[1] and that still employ the concept of "cause of action,"[2] is commonly termed "splitting a cause of action."

This is the fourth lawsuit that Native American Arts has brought against Waldron in this District Court, all of them sharing the common gravamen of Waldron's claimed violations of Section 305e by her asserted offer, display and sale of products that Native American Arts says are falsely suggested to be Indian products and Indian made when they are not.  In an obvious effort to blur the reality of such commonality, Native American Arts has previously voluntarily dismissed its Case No. 01 C 1693, the only one of the four actions that had named Waldron and no other defendants.  As Native American Arts' counsel would have it, the presence of other parties defendant in the remaining three still-pending lawsuits (including this one) should permit it to burden Waldron with multiple litigation because the claims in the three actions are assertedly not identical.

---

[1] Both analysis and discussion of the different concepts involved are advanced by using the more precise terminology of "claim preclusion" and "issue preclusion"--see, e.g., Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984).

[2] For the federal courts that concept has been supplanted by "claim for relief"--see, e.g., NAACP v. American Family Mut. Ins. Co., 978 F.2d 287, 292 (7th Cir. 1992).

2

It is worth noting parenthetically that this District Court is periodically criticized by our Court of Appeals, which in some respects appears to have a different perspective from the one that underlies the random assignment system that exists here, for permitting lawsuits that may fairly be labeled as "related" to remain on the calendars of different District Judges, thus creating the possibility of inconsistent rulings. But whatever view might be taken of that aspect of the assignment system, the concept of claim preclusion--the principle that a party is entitled to litigate the same claim only <u>once</u>, with any second or third effort being precluded (that is, barred)--calls for rejection of what Native American Arts has attempted here.

As might be expected, our Court of Appeals (like other courts) has addressed this issue on numerous occasions. In a decision that affirmed an application by this Court of the claim preclusion doctrine, <u>Car Carriers, Inc. v. Ford Motor Co.</u>, 789 F.2d 589, 593 (7th Cir. 1986) confirmed the relevant standard as one that looks for "a common core of operative fact":

> The district court found that the federal claims
> alleged in the 1983 Complaint arose out of the same
> factual context as described in the 1982 Complaint.
> Thus, the court dismissed these claims as barred by the
> doctrine of res judicata. The appellants do not
> disagree with the district court's finding that both
> complaints arose out of a common core of operative
> fact; rather, they attempt to overturn the district
> court's decision by persuading us to adopt an alternate
> formulation for determining the application of res
> judicata. Under this alternate test, res judicata
> would not bar a second lawsuit when "[a]n analysis of

>           the rights, duties, and injuries involved in the second
>           lawsuit reveals that they are materially different from
>           those in issue in the first." Appellants' Br. at 28.
>           For the reasons which will be explained in the
>           following section, we decline to adopt the appellants'
>           suggested formulation.

More recently our Court of Appeals has found the articulation of the claim preclusion concept in the Restatement (Second) of Judgments to be less satisfactory than an approach that looks to whether two actions pose the same "central factual issue"--a view set out in Herrmann v. Cencom Cable Assocs., Inc., 999 F.2d 223, 226 (7th Cir. 1993)(citations omitted):

>           Building on earlier statements by this and other
>           courts, which helpfully if a little vaguely define
>           "transaction" in terms of "core of operative facts,"
>           "same operative facts," or "same nucleus of operative
>           facts," we suggest that two claims are one for purposes
>           of res judicata if they are based on the same, or
>           nearly the same, factual allegations.

Accord, such cases as Brzostowski v. Laidlaw Waste Sys., Inc., 49 F.3d 337, 339 (7th Cir. 1995).

On that score Native American Arts resists vigorously: It protests that it also has claims (1) against suppliers other than Waldron (something that is of course a total irrelevancy either for claim preclusion purposes or for purposes of the present motion) and (2) against different retailers who have purchased various different products from Waldron, which it says entitles it to split the latter claims out among its multiple lawsuits. That contention is truly beside the mark, for it cannot be escaped that the guts--the core--of Native American Arts'

4

grievance against Waldron is that she generates a multiplicity of products, <u>all</u> of which she misrepresents as being Indian products that are Indian made. It is frankly nonsense for Native American Arts to urge (its Mem. 5-6):

> The claims alleged against Waldron in the three complaints are significantly different because they are based upon different violative products. Under the IACA [Section 305e], each different product sold is a different violation. As such, each violation is a separate and distinct claim for damages.

That premise really proves too much, for if logically extended it would extrapolate to a reductio ad absurdum that would "justify" Native American Arts in filing a separate lawsuit for every individual sale by Waldron to every one of Waldron's customers.[3]

In sum, there is no justification for the splintered approach to litigation that Native American Arts attempts vis-a-vis Waldron, attempting to compel her to do battle on multiple fronts on what is truly a single claim. Waldron is entitled to

---

[3] Remember that claim preclusion operates to bar all matters that could have been, as well as those that actually were, litigated in a first lawsuit between the same parties. Where a defendant has engaged in an entire course of conduct with numerous transactions that could have been sued upon the first time around, a plaintiff commits litigative suicide by advancing a much more limited claim. It is no accident that Form 5 of the Appendix of Forms that follow the Rules and that, as expressly stated in Rule 84, "are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate" is framed this way:

    1. Allegation of jurisdiction.
    2. Defendant owes plaintiff \_\_\_\_ dollars for goods sold and delivered by plaintiff to defendant between June 1, 1936 and December 1, 1936.

dismissal from this action, which advances the same claim against her (in the sense taught by the cited authorities) as the pre-existing actions, and this Court so orders. What Native American Arts may have to do to protect itself against the possibility of a substantively damaging claim preclusion consequence remains for it to determine.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 17, 2001