# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1618 | **DATE** | 8/27/2001 |
| **CASE TITLE** | Native American Arts, Inc. vs. Bundy-Howard, Inc., etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Because so many things in Feathers' Answer thus require correction, this Court strikes the present Answer from the court filed in its entirety. Feathers' counsel are of course granted leave to file an appropriate self-contained Amended Answer on or before September 7, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG 28 2001 | 43 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING  01 AUG 27 PM 3:54 | 8/27/2001 date mailed notice |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATIVE AMERICAN ARTS, INC., )
)
        Plaintiff, )
)
v. ) No. 01 C 1618
)
BUNDY-HOWARD, INC., etc., et al., )
)
        Defendants. )

**DOCKETED**

**AUG 2 8 2001**

MEMORANDUM OPINION AND ORDER

Feathers ("Feathers"), one of the numerous defendants (including the putative unknown defendants that are referred to in the Amended Complaint ("AC") as "John Doe 1 to 10 Unidentified Suppliers") in this action brought by Native American Arts, Inc. ("Native American Arts") under 25 U.S.C. §305e ("Section 305e"), has filed its Answer and Affirmative Defenses ("ADs") to the AC. Because several aspects of that responsive pleading are in patent need of correction, this memorandum opinion and order is issued sua sponte to send Feathers' counsel back to the drawing board.

It should be recognized that part of the problems addressed here may fairly be laid at Native American Arts' doorstep in the first instance. Its counsel have exhibited a blithe disregard of what may be the most fundamental aspect of the notice pleading regime in the federal court system, which calls for a complaint to set out "a <u>short</u> and <u>plain</u> statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. ("Rule") 8(a), appropriate emphasis added). Instead the AC here is a

prolix example of fact pleading, setting out a mass of detail that is far more appropriately garnered through disclosure and discovery than cluttering up the court files.[1]

In retrospect, this Court should perhaps have trashed the AC in favor of requiring a pleading in harmony with, rather than at odds with, the notice pleading approach. That would have produced far less bulk in the court file and in this Court's chambers file, with no one being worse off because the same detailed information is furnished via the Rule 26(a)(1) initial disclosure requirement. But that possibility is behind us, and it has become necessary to deal with the resulting fallout (including responsive pleadings like the current one, which compound the problem by their own inattention to some basics).

To begin with, this Court fails to see how Feathers' counsel can, in the objective good faith required of every lawyer and every client by Rule 11(b), deny the straightforward jurisdictional allegation of AC ¶1. Section 305(e) was amended in 2000 for the express purpose of filling a preexisting gap by

---

[1] That is particularly true now that Rule 26(a)(1) has been amended as of December 1, 2000 to mandate initial disclosure (before any discovery request), even in districts such as this one, which had previously opted out of that requirement. And there is a special irony in the fact that in this case the lawyers for a Native American organization are adversely impacting the environment by causing the destruction of so many trees, coupling their massive Rule 8(b) violation with the naming of multiple defendants, each of which is compelled to respond to the AC by repeating its allegations (see this District Court's LR 10.1) and then by answering in comparable detail.

permitting private civil actions by Indian arts and crafts organizations such as Native American Arts (see Section 305(e)(c)(1)(C)). Answer ¶1 is therefore stricken, and it will remain stricken unless Feathers' counsel can muster some legitimate argument for challenging subject matter jurisdiction.[2]

Another fundamental flaw lies in the Answer's refusal to respond to various allegations on the premise that conclusions of law require no answer (see Answer ¶¶16, 17, 42, 43, 61 and 62), even though Rule 8(b) permits no such self-determination by a pleader--see App. ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). All of those paragraphs in the Answer are also stricken.

As for the host of AC paragraphs to which Feathers makes no response on the basis that their averments "are not directed to this defendant and therefore no answer is required or given," that practice too does not literally comply with Section 8(b)'s requirements (as might have been the case if Native American Arts had drafted its pleading in a way that had separated out its claim against each defendant). But this Court is disinclined (with limited exceptions) to put Feathers to the task of responding to those AC paragraphs by repeatedly invoking the type

---

[2] Although no comparable action is taken here as to Feathers' outright denial of the venue allegation of AC ¶2, this Court anticipates that such a denial will be included the second time around _only_ if there is a legitimate basis for questioning the action's conformity to 28 U.S.C. §1391(a).

3

of disclaimer that is called for by the second sentence of Rule 8(b). Instead, in the interest of saving a great deal of space without the loss of any relevant information, the Amended Answer called for by this opinion will be permitted to eliminate the copying of a great many paragraphs of the AC (as is ordinarily called for by LR 10.1), instead responding to those paragraphs collectively in this fashion:

> The averments set forth in Paragraphs [listing the numerous paragraph numbers] of the Amended Complaint are not directed to this defendant and therefore no answer is required or given.

That space-saving practice may not however be employed with respect to AC allegations that do bear a relationship to the conduct that Native American Arts has ascribed to Feathers. Hence an appropriate direct answer conforming to the dictates of Rule 8(b) <u>will</u> be required with respect to AC ¶¶29(i), 29(j), 30(c) and 30(d) (all of which relate to products that AC ¶48 attributes to Feathers).

Finally, a number of the ADs are problematic. Here are the difficulties that at least figuratively jump off the page to strike the reader's eye:

   1. AD 1, which is the equivalent of a Rule 12(b)(6) motion, is puzzling. If Native American Arts' allegations are accepted as gospel (as they must be for such purposes), Feathers must provide a better explanation as to why no viable claim has assertedly been advanced here.

4

2. ADs 2, 4, 5 and 7 cannot stand in their present form. Even in a notice pleading environment, both Native American Arts' counsel and this Court are entitled to a more fleshed-out explanation of the manner in which such ADs (which are permitted by Rule 8(c)) identify real defects in the claims asserted by Native American Arts.

3. Finally, AD 8 is stricken. No such amorphous and uninformative attempted incorporation by reference can be tolerated--again Native American Arts' counsel and this Court are entitled to greater precision.

Because so many things in Feathers' Answer thus require correction, this Court strikes the present Answer from the court file in its entirety (another useful space-saver). Feathers' counsel are of course granted leave to file an appropriate self-contained Amended Answer conforming to what has been set out here, and to do so by a filing in this Court's chambers on or before September 7, 2001. For its part, Native American Arts is ordered to communicate promptly with every other defendant that has not yet filed its answer, providing each of those defendants with a copy of this opinion, in order that they may in turn follow the more simplified and more appropriate procedures described here.

                                                /s/ Milton I. Shadur
Milton I. Shadur
Date: August 27, 2001   Senior United States District Judge