# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1618 | **DATE** | 12/7/2001 |
| **CASE TITLE** | Native American Arts, Inc. vs. Bundy-Howard, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in this memorandum opinion and order, Phillips' Fed. R. Civ. P. ("Rule") 12(b)(2) motion is granted.(44-1) Phillips is therefore dismissed as a defendant pursuant to Rule 12(b)(2).

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 10 2001 date docketed | |
| ✗ | Docketing to mail notices. | | | 80 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 12/7/2001 date mailed notice | |
| SN courtroom deputy's initials | | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 1 0 2001

NATIVE AMERICAN ARTS, INC., )
)
        Plaintiff, )
)
v. ) No. 01 C 1618
)
BUNDY-HOWARD, INC., etc., et al., )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Phillips International, Inc. ("Phillips"), one of a host of targets aimed at by Native American Arts, Inc. ("Native American Arts") in this action brought under the Indian Arts and Crafts Act ("Act," 25 U.S.C. §305e), seeks to be extricated from the litigation because it contends it is not amenable to suit in this Illinois forum. With the parties having addressed the issues through their filing of memoranda, the matter is ripe for disposition. For the reasons stated in this memorandum opinion and order, Phillips' Fed. R. Civ. P. ("Rule") 12(b)(2) motion is granted.

Because the Act is not among the congressional enactments that allow nationwide service of process, the question whether Phillips can or cannot be haled into court here is a function of the operation of the Illinois long-arm statute, 735 ILCS 5/2-209(a). And the initial step toward that evaluation is provided by a verified disclaimer by Phillips' President Arthur Phillips (Ex. B to Phillips' initial memorandum, a photocopy of which is

attached to this opinion) that negates all of the Illinois-sited activities that most often support the assertion of in personam jurisdiction. Except for paragraphs 3 and 8 of that affidavit, which have since been clarified in a manner addressed later in this opinion (and which as clarified create no basis for in personam jurisdiction), the facts attested to by Arthur Phillips are undisputed.

Native American Arts nevertheless urges that Phillips must be kept in this lawsuit. To avoid mischaracterizing its positions in that respect (none of which turn out to have merit), here are Native American Arts' contentions as reproduced verbatim (mistakes and all) from its Mem. 2-3:

> This Court possesses general jurisdiction over Defendant based upon their intentional, substantial and continuous business activity in Illinois continuing, at minimum, from April 2, 1996 to the present date. Defendant's business activity in Illinois consists of sales totaling $654,434.88 arising from contractual sales agreements with approximately 87 different companies located in Illinois. On at least six occasions corporate officers of Defendant, including its President and Vice President of Sales, have traveled to Illinois to meet with companies in Chicago with whom they have continuously sold products to since 1996. Also, Defendant has, at minimum, three independent sales representatives who have made orders on behalf of Defendant with companies located in Illinois.
>
> This Court should also exercise general jurisdiction over Defendant based on their internet activity. Defendant maintains an interactive website which allows a high level of interactivity with consumers, including those located in Illinois. The commercial nature of Defendant's website, which includes, but is not limited to, contact information, order information, products

information and pricing, ordering catalogs, subscribing to company newsletters and online stores to view products, is to such a degree that this Court, as other courts have done under analogous circumstances, should exercise jurisdiction over Defendant.

Last, this Court should exercise specific jurisdiction over Defendant under 735 ILCS 5/2-209(9)(a) which allows jurisdiction when the commission of a tortious act occurs within Illinois. Native American Arts has alleged tortuous conduct on the part of the Defendant. Also Native American Arts, Inc., has alleged in its Amended Complaint, that it suffered injury in Illinois. Therefore, this Court has specific personal jurisdiction over the Defendant.

To begin with, Phillips' substantial sales into Illinois (none of which, it may be said parenthetically, support the allegations of Native American Arts' Amended Complaint ("AC")[1], do not create in personam jurisdiction here, because all of them resulted from Phillips' filling of orders that emanated from Illinois purchasers in the first instance rather than from any Phillips activity in this state. That conclusion is amply supported by such cases as <u>Rokeby-Johnson v. Derek Bryant Ins.</u>

---

[1] As the AC makes clear, Native American Arts' principal target is retailer Bundy-Howard, Inc. d/b/a Bear Tracks ("Bear Tracks"), while Phillips and all the other manufacturers and suppliers named as defendants are assertedly linked by their having allegedly engaged in violations of the Act by offering, displaying for sale or selling goods "through Bear Tracks retail establishments" (Complaint ¶18). Yet <u>none</u> of the extensive Illinois sales reflected in the data that Phillips has now supplied to Native American Arts was made to Bear Tracks--there is nothing to show any direct contact between Phillips and Bear Tracks, nor is there anything to show that Phillips had any contact with any other Illinois purchaser in connection with the sale of the Phillips jewelry referred to in the AC (which Phillips states is from a product line that it discontinued in 1997).

3

Brokers Ltd., 230 Ill.App.3d 308, 318-19, 594 N.E.2d 1190, 1197-98 (1st Dist. 1992), cited in Phillips Reply Memorandum.

Nor do the infrequent visits of Phillips people to Illinois (a grand total of a half-dozen during a five-year period[2]) call for a different result. None of those few sporadic trips involved the sale of merchandise, and Phillips characterizes each as a limited type of "good will." Once more that conclusion is supported by Phillips' citation of such cases as Rokeby-Johnson, 230 Ill.App.3d at 319-20, 594 N.E.2d at 1198.

Nor do the few _independent_ sales representatives who sold Phillips merchandise in Illinois drag Phillips into the Illinois court system. Instead, one of the principal differences between organizations that have salesmen employees in place for selling purposes and those that contract with independent sales reps is the existence of agency relationships (hence ascribing the agent's activity to the principal) in the former situation and the absence of such relationships in the latter.

Finally, the existence of a Phillips website that _does not allow_ direct purchases by those having access to the website

---

[2] Arthur Phillips Aff. ¶3 refers to no visits to Illinois "to transact business" before January 1, 2000, while Aff. ¶8 speaks of just two Illinois visits since then to see customers unrelated to the product at issue here. Phillips R. Mem. 3 n.1 explains that the affidavit did not address the few "good will" trips referred to next in the text. But none of that limited activity makes a difference--much in the same sense as de minimis non curat lex.

4

serve as the springboard for in personam jurisdiction. Native American Arts would have the ubiquitous website phenomenon override all basic concepts of personal jurisdiction. Even though the website has indeed revolutionized marketing (as well as other aspects of American life), the passive type of website maintained by Phillips does not convert what is otherwise a lack of in personam jurisdiction into the presence of such jurisdiction. Again that is amply demonstrated by such cases (also cited by Phillips) as <u>Berthold Types Ltd. v. European Mikrograf Corp.</u>, 102 F.Supp.2d 928, 931 (N.D. Ill. 2000) and <u>LaSalle Nat'l Bank v. Vitro, S.A.</u>, 85 F.Supp.2d 857, 862-63 (N.D. Ill. 2000).

Native American Arts' last contention seeks to invoke the tortious-act branch of the Illinois long-arm statute, 735 ILCS 5/2-209(a)(2).[3] Where as here the complained-of goods were neither manufactured in Illinois nor sold directly to an Illinois purchaser, Native American Arts' position essentially boils down to the notion that it suffered injury in this state. But on that score, <u>Berthold Types</u>, 102 F.Supp.2d at 931-32 (citations omitted) provides the answer:

> To sell an infringing article to a buyer in Illinois is to commit a tort in Illinois sufficient to confer jurisdiction under the tort provision of the long-arm

---

[3] Native American Arts Mem. 3 and 13-14 refer to "tortuous acts"--but "tortuous" is more descriptive of Native American Arts' argument than of the acts that it ascribes to Phillips.

5

statute. However, plaintiff has not alleged that any infringing products have been sold or even used in Illinois. Thus, plaintiff is arguing that jurisdiction is proper in Illinois because it felt economic harm here. However, a limitation exists on the general rule that a tort occurs where the harm is felt. An Illinois court does not acquire jurisdiction simply because the last act of the tort is an economic loss felt in Illinois.

In sum, each of Native American Arts' efforts to establish a basis for in personam jurisdiction over Phillips in this forum falls short. Phillips is therefore dismissed as a defendant pursuant to Rule 12(b)(2).

_____
Milton I. Shadur
Senior United States District Judge

Date: December 7, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIVE AMERICAN ARTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>BUNDY-HOWARD, INC., D/B/A BEAR TRACKS, TRISHA WALDRON, EL PASO TRADING POST, INC., FEATHERS, PHILLIPS INTERNATIONAL, SIGNATURE STONES, FUNKY FIBER WORKS, NINE MILE CREEK, JANICE BECKHORN, JACK HICKEY, BOB ZURAWSKI, and JOHN DOE 1 TO 10 UNIDENTIFIED SUPPLIERS TO BUNDY-HOWARD, INC., D/B/A BEAR TRACKS,<br><br>Defendants. | CASE NO. NO. 01 C 1618<br><br>JUDGE SHADUR |

STATE OF FLORIDA    )
                    )SS
COUNTY OF BROWARD   )

# AFFIDAVIT

BEFORE me, the undersigned authority, personally appeared, Arthur Phillips, and after being duly sworn, deposes and says:

1. My name is Arthur Phillips. I am the president of PHILLIPS INTERNATIONAL, INC. ("PHILLIPS"). I make this Affidavit based upon my own personal knowledge and based upon a review of the business records of PHILLIPS INTERNATIONAL, INC.

2. PHILLIPS INTERNATIONAL, INC., has been a Florida corporation since April 1977. The principal and only office of PHILLIPS INTERNATIONAL, INC., is located in Broward County, Florida, and has been so located since at least 1982.

3. PHILLIPS INTERNATIONAL, INC., has no retail outlets, business offices, bank accounts, employees, or representatives located in Illinois. Prior to January 1, 2000, neither PHILLIPS INTERNATIONAL, INC.'s principals nor employees traveled to Illinois to transact business.

4. PHILLIPS has never participated in Illinois trade shows.

5. PHILLIPS does not actively solicit business from Illinois customers.

6. PHILLIPS' only connection with Illinois is that customers located in Illinois sometimes call PHILLIPS' office in Broward County, Florida to order goods. Additionally, on occasion, customers located in Illinois might place orders with PHILLIPS at trade shows in states other than Illinois.

7. The items which Plaintiff alleges violate the Indians Arts and Crafts Act were discontinued in 1997.

8. Since January 1, 2000, principals or employees of PHILLIPS have made two (2) trips to Illinois for purposes of visiting a particular customer wholly unrelated to the items claimed by Plaintiff to be violative of the Indians Arts and Crafts Act.

9. PHILLIPS never intended to avail itself of the privilege of conducting business activities in Illinois.

FURTHER AFFIANT SAYETH NAUGHT.

PHILLIPS INTERNATIONAL, INC.

BY: _____
Arthur Phillips, President

STATE OF FLORIDA    )
                    )
COUNTY OF BROWARD   )

THE FOREGOING INSTRUMENT was acknowledged before me this _21st_ day of August, 2001, by Arthur Phillips, who is personally known to me or has produced _Florida Drivers License_ as identification.

_____
NOTARY PUBLIC

_Virginia H. Hampe_
Print or Type Name

My Commission Expires:

OFFICIAL NOTARY SEAL
VIRGINIA H HAMPE
COMMISSION NUMBER
DD032046
MY COMMISSION EXPIRES
JUNE 30, 2005

KLE:aw 8-9-01
H:\2001\010300\arthur phillips affidavit.doc