# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1618 | **DATE** | 7/10/2002 |
| **CASE TITLE** | Native American Arts, Inc. vs. Bundy-Howard | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. As to the Bear Tracks Cross-Claim and its Third-Party Complaint: 1. Count 1 is dismissed as to Nine Mile Creek and Sandstone, but not as to the other movants. 2. Count II is dismissed in its entirety. 3. Count III is also dismissed in its entirety. Count IV survives dismissal as it has been limited by Bear Tracks' representation. All dismissals ordered are intended to be with prejudice, though no Fed. R. Civ. P. 54(b) determinations are made here. All surviving claims must be answered on or before July 24, 2002. (111-1, 124-1)
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 1 1 2002 | |
| | Notified counsel by telephone. | | date docketed | 129 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/10/2002 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATIVE AMERICAN ARTS, INC.,           )
                                       )
                Plaintiff,             )
                                       )
        v.                             )   No. 01 C 1618
                                       )
BUNDY-HOWARD, INC., etc., et al.,      )
                                       )
                Defendants.            )

**DOCKETED**

**JUL 1 1 2002**

MEMORANDUM OPINION AND ORDER

Bundy-Howard, Inc. d/b/a Bear Tracks ("Bear Tracks"), the principal but by no means the sole defendant in this action brought under the Indian Arts and Crafts Act and the Indian Acts and Crafts Enforcement Act of 2000 (collectively "Acts") by Native American Arts, Inc. ("Native American Arts"), has filed a Cross-Claim against codefendants Feathers, Funky Fiber Works ("Funky") and Nine Mile Creek and a Third-Party Complaint against The Waldron Corporation ("Waldron")[1] and Sandstone Creations, Inc. ("Sandstone"). Bear Tracks seeks to lay off, against its several targets in its Cross-Claim and Third-Party Complaint, part or all of its potential liability to Native American Arts under the Second Amended Complaint.[2] Each of those targets has

---

[1] Initially Tricia Waldron was named as the third-party defendant, but that designation was erroneous and has been corrected by agreement.

[2] Because Count I of that pleading essentially incorporated, without repeating, virtually all of the allegations of the Amended Complaint ("AC"), this opinion's references to Native American Arts' claims will advert only to the AC.

in turn moved for dismissal.

To the extent that Bear Tracks seeks contribution, either equitable (Count II) or under the Acts (Count III), this Court agrees with and adopts the excellent discussion by its colleague Judge (now Chief Judge) Charles Kocoras in Ho-Chunk Nation v. J.C. Penney Co., No. 98 C 3924, 1999 WL 495899, at *4-*6 (N.D. Ill. July 2). Those claims for contribution, as asserted in both the Cross-Claim and the Third-Party Complaint, are therefore dismissed.

As for Bear Tracks' claims seeking indemnity under the Acts (again in Count III), they are equally empty of merit. Bear Tracks attempts to wrap itself in the mantle of the Acts' protection on the basis that it is itself an Indian arts and crafts organization, but that effort ignores the fact that even such organizations can violate the Acts by infringing on the statutory rights of other such organizations-- and that is precisely the predicate of Native American Arts' claim against Bear Tracks. As to that alleged misconduct, Bear Tracks--as an asserted violator of the Acts--is by definition not a member of the class for whose benefit Congress passed the Acts (see Northwest Airlines, Inc. v. Transp. Workers Union of Am., AFL-CIO, 451 U.S. 77, 91-92 (1981) and Texas Indus., Inc. v. Radcliff Materials, Inc., 451 U.S. 630, 639 (1981)). And that being so, the same type of analysis that has defeated its efforts to obtain

2

contribution is fatal to its claims for indemnity in each of its pleadings.

But as to Bear Tracks' equitable claim of implied indemnity (Count IV), it asserts that it exhibits the assertedly offending goods for sale only in the condition that its suppliers--the cross-defendants and third-party defendants--have delivered them. Hence its claim is for what has been labeled "upstream indemnity," a concept endorsed (though not so labeled) in Maxfield v. Simmons, 96 Ill.2d 81, 449 N.E.2d 110 (1983); see also the recognition of that notion under Illinois law in Bethlehem Steel Corp. v. Chicago E. Corp., 863 F.2d 508, 518-21 (7th Cir. 1988). On that premise Count IV of each of Bear Tracks' two pleadings survives.

That leaves for consideration Count I of each pleading, which is captioned "Breach of the Implied Warranty of Merchantability" and invokes this provision of the Illinois Commercial Code, 810 ILCS 5/2-314(2):

> (2) Goods to be merchantable must be at least such as
>
>     (a) pass without objection in the trade under the contract description; and
>
>     (b) in the case of fungible goods, are of fair average quality within the description; and
>
>     (c) are fit for the ordinary purposes for which such goods are used; and
>
>     (d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

3

> (e) are adequately contained, packaged, and
> labeled as the agreement may require; and
>
> (f) conform to the promises or affirmations of
> fact made on the container or label if any.

As analysis will reflect, neither side seems to have it quite right on that subject.

First, it is something of an oversimplification to say, as does Funky's Mem. 12 (echoed in Waldron's Mem. 14 and adopted by each of the other movants):

> Moreover, the implied warranty of merchantability under 810 ILCS 5/2-314 applies to the condition of the product, not the manner in which it was marketed.

That of course ignores the earlier-quoted subparagraph (f), which expressly includes the manner in which the goods themselves are represented by their container or affixed label. And the Act relatedly prohibits conduct that "directly or indirectly offers or displays for sale or sells a good...in a manner that falsely suggests it is Indian produced, an Indian product, or the product of a particular Indian or Indian tribe or Indian arts and crafts organization" (25 U.S.C. §305e(a)).

On the other side of the coin, it seems an extraordinary stretch of the English language to urge, as Bear Tracks does (or perhaps more accurately, as Native American Arts does), that just because a product seems to draw on an Indian motif or design it necessarily runs afoul of the Act--and that it "therefore" violates the earlier-quoted UCC provision. Instead this Court

4

would consider the likely potential applicability of that UCC provision to be limited to situations in which the product is accompanied by a label or tag that is sufficiently suggestive to contravene the above-quoted provision of the Act.

This Court has done its best to wade through the enormously bulky group of exhibits attached to Native American Arts' AC to see how the just-stated analysis plays out. In those terms it does not appear that Nine Mile Creek (to which AC ¶51 ascribes only Ex. 45) or Sandstone (whose only products are depicted in AC Exs. 26 and 44) can be sued under Count I, and they are accordingly dismissed from that statutorily-based claim under Illinois law. As to all the other cross-defendants and third-party defendants, the Count I claims will stand for the present.[3]

### Conclusion

As to the Bear Tracks Cross-Claim and its Third-Party Complaint:

1. Count I is dismissed as to Nine Mile Creek and Sandstone, but not as to the other movants.

2. Count II is dismissed in its entirety.

3. Count III is also dismissed in its entirety.

4. Count IV survives dismissal as it has been limited

---

[3] It should be said parenthetically that Judge Kocoras' Ho-Chunk opinion dealing with a like claim at *11-*12 does not bear at all on the current discussion, because that opinion dealt with a potential claim under 810 ILCS 5/2-314(e) rather than (f).

5

by Bear Tracks' representation.

All dismissals ordered here are intended to be with prejudice, though no Fed. R. Civ. P. 54(b) determinations are made here. All surviving claims must be answered on or before July 24, 2002.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 10, 2002