# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1618 | **DATE** | 3/19/2003 |
| **CASE TITLE** | Native American Arts, Inc. vs. Bundy-Howard, etc., et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Order. Native American Arts' motion is denied. It is entitled to nothing more than the disclosure of the insurance policies themselves.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | MAR 2 0 2003 date docketed | | |
| | Docketing to mail notices. | | | | 164 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | 6· ⅟- docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| SN | courtroom deputy's initials | 03 MAR 19 PM 4: 05 01-03-03-113 Date/time received in central Clerk's Office | 3/19/2003 date mailed notice | | |
| | | | SN mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATIVE AMERICAN ARTS, INC.,           )
                                      )
                Plaintiff,            )
                                      )
        v.                            )    No.  01 C 1618
                                      )
BUNDY-HOWARD, INC., etc., et al.,     )
                                      )
                Defendants.           )

DOCKETED

MAR 2 0 2003

## MEMORANDUM OPINION AND ORDER

Native American Arts, Inc. ("Native American Arts") has

sought to springboard from the literal language of Fed. R. Civ.

P. ("Rule") 26(a)(1)(D), which requires the automatic disclosure

of "any insurance agreement" that provides (or might provide)

coverage to a defendant, to its claimed entitlement to obtain any

reservation-of-rights letters that have been delivered by any

insurers in this case to their respective insureds.  In response

to this Court's request for the interested parties' submission of

letters citing authorities on the subject, counsel for Native

American Arts and for defendants Bundy-Howard, Inc. and Ronald C.

Sass and Judith A. Sass d/b/a 9-Mile Creek Traders have provided

such letters.

Here is the language by which the Rule itself defines the

scope of a litigant's obligatory advance disclosure:

> for inspection and copying as under Rule 34 any
> insurance agreement under which any person carrying on
> an insurance business may be liable to satisfy part or
> all of a judgment which may be entered in the action or
> to indemnify or reimburse for payments made to satisfy
> the judgment.

Though the parties dispute the answer to the question at issue, what their submissions clearly have in common is a demonstration that no reported case has dealt directly with the question whether the Rule's reference to "any insurance agreement" embraces an insurer's reservation-of-rights letter.

Just a few words should be said as to Native American Arts' submission before this opinion turns to ruling on that subject. Its counsel has cited to one opinion by a Magistrate Judge that does refer to a reservation of rights, Blockbuster Corp. v. McComb Video, Inc., 145 F.R.D. 402 (M.D. La. 1992)--but what counsel has neglected to mention is that the ruling was made in a case in which the insurer itself was being sued under the Louisiana direct action statute, so that matters affecting the insurer's liability or potential liability were directly discoverable (a very different situation from what is involved here). Native American Arts' counsel has also miscited the ruling in Great Lakes Dredge & Dock Co. v. Commercial Union Assurance Co., 159 F.R.D. 502 (N.D. Ill. 1995)--an opinion by this Court's colleague Honorable Joan Lefkow--as having "held that information regarding reserves under an insurance policy is discoverable under Rule 26(a)(1)(D)." In fact Judge Lefkow held exactly to the contrary (id. at 504 & n.2), limiting discoverability to the insurance policies themselves (id. at 504-

05).[1]  Finally, Native American Arts' citation to Wright & Miller

substantially overstates what that treatise indicates as to the

scope of required discovery.

By contrast, even though (as stated earlier) none of the

cases adduced by defense counsel has expressly ruled that an

insurer's reservation of rights letter is not encompassed within

the term "insurance agreement" employed in the Rule, the thrust

of several cases that they have cited counsels a negative answer

to that question even apart from the literal language in Rule

26(a)(1)(D).[2]  Indeed, the Wright & Miller treatise (speaking of

the version of the Rule that antedated its shift to a mandatory

initial disclosure regime) makes the point that the existence of

any reservation of rights did not negate the obligation to

disclose the <u>insurance agreement itself</u>, given the specific

reference to an insurer that "<u>may</u> be liable."

What controls for this Court, in addition to what has

already been said, is the fact that a reservation of rights (as

---

[1]  In so doing, Judge Lefkow followed this Court's ruling in
<u>Nat'l Union Fire Ins. Co. v. Continental Ill. Corp.</u>, 116 F.R.D.
78, 83-84 (N.D. Ill. 1987)--which had upheld a ruling by then
Magistrate Judge Lefkow!

[2]  That literal language is further buttressed by the
provision in the Advisory Committee Note to the 1993 amendments
to Rule 26 (emphasis added), a provision left unchanged by the
year 2000 amendments:

> Subparagraph (D) replaces subdivision (b)(2) of
> Rule 26, and provides that <u>liability insurance policies</u>
> be made available for inspection and copying.

3

contrasted with an actual denial of coverage, which would surely have to be disclosed) does nothing more than to preserve for future decision the question whether insurance coverage does or does not exist. And that question of coverage vel non is one as to which the party to whom an insurance agreement is disclosed must make its own judgment, irrespective of the existence or nonexistence of a reservation of rights.

Accordingly Native American Arts' motion is denied. It is entitled to nothing more than the disclosure of the insurance policies themselves.

Milton I. Shadur
Senior United States District Judge

Date: March 19, 2003

4